Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Lynn Carpenter (State Bar No. 310011)
  *lynn.carpenter@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO; CORY MCCARTHY, ANDREW POLLICK; DAVID MOORE, and CRISTINA OLIVAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| A.J.P. and A.M.P., minors by and through their guardian ad litem Cynthia Nunez, individually and as successor in interest to Albert Perez, deceased; and PATRICIA RUIZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, Inclusive,<br><br>Defendant. | Case No. 5:22-CV-01291 SSS (SHKx)<br><br>*[Honorable Sunshine Suzanne Sykes, Magistrate Judge, Shashi H. Kewalramani]*<br><br>**DECLARATION OF SERGEANT LUKE GAYTAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*Filed concurrently with:*<br> 1. Notice of Motion and Motion;<br> 2. Statement of Uncontroverted Facts;<br> 3. Declaration of Kayleigh Andersen;<br> 4. Declaration of Corporal McCarthy;<br> 5. Declaration of Corporal Olivas;<br> 6. Declaration of Corporal Pollick<br> 7. Declaration of Deputy Moore<br> 8. Declaration of Deputy Stone;<br> 9. Declaration of Sergeant Scalise; and<br> 10. [Proposed] Order<br><br>Date: April 19, 2024<br>Time: 2:00 p.m.<br>Crtrm.: Courtroom 2, 2nd Floor<br><br>*Action Filed:*    07/22/2022 |

1

**DECLARATION OF SERGEANT LUKE GAYTAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

# DECLARATION OF SERGEANT LUKE GAYTAN

I, **Sergeant Luke Gaytan**, declare as follows:

1. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On Sunday, August 29, 2021, at approximately 1900 hours, I requested via text message that all members of my team from the San Bernardino County Sheriff's Department Specialized Enforcement Division Team 1 ("SED Team") respond to Zenda Street in Victorville for a barricade situation where the subject had threatened a female with a firearm, and the subject was still armed and barricaded in the garage of a multi-unit complex where he did not live.

3. I also notified the SED Team that a crisis negotiator, Negotiator Anthony Alcala, was also responding to the incident location.

4. I had all members of the SED Team, which included myself, Corporal Cory McCarthy, Corporal Andrew Pollick, Deputy David Moore, Corporal Cristina Olivas, Corporal Greg Gary, and Deputy Josh Stone, meet at the Victorville Library just west of the incident location for a briefing prior to arriving at the subject location.

5. During this briefing, the SED team learned that patrol deputies from the Victorville Sheriff's Station were negotiating with the suspect, Albert Perez ("Perez"), who was seated on a stool at the rear of the garage behind a pool table and was in possession of a gun.

6. The SED Team also learned that the door from the garage to the home had been locked by the homeowner, and that both sides of the garage were contained by patrol units who tried to de-escalate the situation by attempting to convince Perez to surrender peacefully, but he refused to put the gun down.

7. During this briefing, the SED Team also developed an operational plan, which included medical plans, gas plans, and less lethal plans, before going to the incident location.

8. The SED Team's medical plan included requesting the Victorville Fire Department, American Medical Response, and air rescue, the sheriff's helicopter, to be on standby in the event that there was a medical emergency. The BearCat and Corporal Olivas' vehicle were also set up as medical extract vehicles.

9. The SED Team's gas plans included Corporal Pollick and Deputy Moore having chemical agents should the need and opportunity to use them arise, and Corporal Pollick developed a chemical agent plan for the house. The SED Team developed numerous less lethal plans to be used at the appropriate time if the opportunity presented itself.

10. The SED Team's operational plan included containing both sides of the garage, with Corporal McCarthy, Corporal Olivas and Deputy Stone to be positioned on the southeast corner of the garage, with Corporal Olivas would have a shield and her pistol, Corporal McCarthy behind Corporal Olivas with lethal cover, and Deputy Stone with a less lethal 40 mm multi-launcher. On the other side, Deputy Moore, Corporal Pollick, and I were to be positioned on the southwest corner of the garage, with Deputy Moore would have a shield and his pistol, Corporal Pollick behind Deputy Moore with lethal cover, and myself with a less lethal 40 mm single-launcher.

11. Additionally, the SED Team was going to position the BearCat, which is an armored rescue vehicle, in the driveway and face it towards the garage to light it up because it was dark outside.

12. I made it clear to the SED Team that if the suspect was to separate himself from the firearm, the team could not allow him to gain access back to that firearm because we did not want him to be able to shoot at us or any members of the public.

3
**DECLARATION OF SERGEANT LUKE GAYTAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

13. During the briefing, the SED Team learned that there was a family who stayed in their home in the northwest corner of the multi-unit complex. The SED Team made contact with the family, and the family decided to stay in the home as there was an elderly female inside who was not easily mobile, and the SED Team advised the family to shelter in place.

14. The SED Team arrived to the incident location with the BearCat and met with the patrol sergeant to gain additional information. The SED Team learned that Perez was kind of nodding off, he was kind of lucid, and that it was unclear if he was under the influence of any narcotics or alcohol.

15. Due to the patrol deputies being fatigued after hours of attempted negotiations and attempts to gain compliance from Perez, the SED Team took over and took their assigned positions on the corners of the garage as was discussed in the briefing.

16. During the incident, Negotiator Alcala was the assigned crisis negotiator and attempted numerous times to negotiate with Perez to gain his compliance. Once Perez started to move towards the front of the garage where my SED Team was waiting, I started to give him commands to safely take him into custody.

17. Since the Sheriff's academy, I have been trained in accordance with San Bernardino County Sheriff's Department Policy 3.608 The Use of Lethal Force that the use of lethal force is justified to protect myself or others from what I reasonably believe to be an immediate threat of death or serious bodily injury.

18. After the lethal force encounter occurred, a robot confirmed that Perez was no longer moving, and the SED Team approached and secured to scene. Deputy Stone called out that Perez had a gun, and then moved the gun away from Perez. Corporal McCarthy and Corporal Pollick then began to provide medical aid.

19. During the incident, I had my audio recording device activated. Attached as Exhibit "J" to this Declaration is a true and correct copy of the audio from my recorder taken on August 29, 2021.

1  I declare under penalty of perjury under the laws of the United States of
2 America that the foregoing is true and correct.
3  Executed on this 26th day of February, 2024, at San Bernardino, California.

_____
Sergeant Luke Gaytan

**Exhibit "J"**

https://www.manningkass.com/manning/index.cfm/newsroom/video-details/?pkid=2530

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On March 1, 2024, I served true copies of the following document(s) described as **DECLARATION OF SERGEANT LUKE GAYTAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq.
Shannon Leap, Esq.
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
Email: dalekgalipo@yahoo.com;
sleap@galipolaw.com;
slaurel@galipolaw.com
*ATTORNEYS FOR PLAINTIFFS, A.J.P., AND A.M.P.. ET AL.*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 1, 2024, at Los Angeles, California.

*Maria T. Castro*
Maria T. Castro

---

1
**DECLARATION OF SERGEANT LUKE GAYTAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**