Eugene P. Ramirez (State Bar No. 134865)
 *eugene.ramirez@manningkass.com*
Lynn Carpenter (State Bar No. 310011)
 *lynn.carpenter@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
 *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO; CORY MCCARTHY, ANDREW POLLICK; DAVID MOORE, and CRISTINA OLIVAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| A.J.P. and A.M.P., minors by and through their guardian ad litem Cynthia Nunez, individually and as successor in interest to Albert Perez, deceased; and PATRICIA RUIZ, individually, <br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, Inclusive,<br><br>Defendant. | Case No. 5:22-CV-01291 SSS (SHKx)<br><br>*[Honorable Sunshine Suzanne Sykes, Magistrate Judge, Shashi H. Kewalramani]*<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE ISO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 45]**<br><br>*Filed concurrently with Reply in Support of Defendants' Motion For Summary Judgment; Defendants' Response to Plaintiffs' Statement of Genuine Disputes of Material Fact and Additional Material Facts; and Defendants' Response to Plaintiffs' Evidentiary Objections*<br><br>Date: April 19, 2024<br>Time: 2:00 p.m.<br>Crtrm.: Courtroom 2, 2nd Floor<br><br>*Action Filed:      07/22/2022* |

**TO THIS HONORABLE COURT AND THE PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

In accordance with C.D L.R. 7-6, defendants COUNTY OF SAN BERNARDINO ("County"); CORY MCCARTHY ("Corporal McCarthy"), ANDREW POLLICK ("Corporal Pollick"); DAVID MOORE ("Deputy Moore"), and CRISTINA OLIVAS ("Corporal Olivas") ("Defendnat Deputies" and collectively "Defendants") herein Object to Plaintiffs' evidence submitted in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment [Doc. 45]. .

| EVIDENCE | OBJECTION | Ruling |
|---|---|---|
| 1. Declaration of Scott DeFoe [Doc. 45-10]. | Speculative expert testimony. (F.R.E. 702); *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proferred expert testimony must find that it is properly grounded, well reasoned, and not speculative before it can be admitted. The … expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)).<br><br>Improper expert methodology. (F.R.E. 702, 703); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions).  Scott DeFoe's declaration does not provide any data or basis for his opinions. | Sustained/ Overruled |

| | |
|---|---|
| | Improper testimony of an expert witness as to a legal question. (F.R.E. 702); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977)). The expert is opining on what is proper to consider under the relevant constitutional analysis. |
| | Further, the only source of evidence is conclusory, uncorroborated, and self-serving declaration. *Nigro v. Sears, Roebuck & Co.*, 784.3d 495, 497 (9th Cir. 2015); *Villarimio v Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). |
| | Hearsay (F.R.E. 802); Relevance, Lack of Foundation and Personal Knowledge (F.R.E. 401, 402). |
| | Not material as it does not raise a triable issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("as to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly |

3

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE ISO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 45]**

| | | |
|---|---|---|
| | preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." (Internal citations omitted.) | |
| 2. Declaration of Bennet Omalu M.D. [Doc. 45-11]. | Speculative expert testimony. (F.R.E. 702); *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proferred expert testimony must find that it is properly grounded, well reasoned, and not speculative before it can be admitted. The … expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)).<br><br>Improper expert methodology. (F.R.E. 702, 703); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions). Bennet Omalu M.D.'s declaration does not provide any data or basis for his opinions.<br><br>Improper testimony of an expert witness as to a legal question. (F.R.E. 702); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v.* | Sustained/ Overruled |

*Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977)).  The expert is opining on what is proper to consider under the relevant constitutional analysis.

Only source of evidence is conclusory, uncorroborated, and self-serving declaration.  *Nigro v. Sears, Roebuck & Co.*, 784.3d 495, 497 (9th Cir. 2015); *Villarimio v Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

Hearsay (F.R.E. 802); Relevance, Lack of Foundation and Personal Knowledge (F.R.E. 401, 402).

Not material as it does not raise a triable issue of a material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("as to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  (Internal citations omitted.)

DATED: March 22, 2024

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: _____/s/ Kayleigh A. Andersen, Esq._____
Eugene P. Ramirez, Esq.
Lynn Carpenter, Esq.
Kayleigh A. Andersen, Esq.
Attorneys for Defendants, COUNTY OF SAN BERNARDINO; CORY MCCARTHY, ANDREW POLLICK; DAVID MOORE, and CRISTINA OLIVAS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On March 22, 2024, I served true copies of the following document(s) described as **DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE ISO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 45]** on the interested parties in this action as follows:

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq.
Shannon Leap, Esq.
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
Email: dalekgalipo@yahoo.com;
sleap@galipolaw.com;
slaurel@galipolaw.com

*ATTORNEYS FOR PLAINTIFFS, A.J.P., AND A.M.P.. ET AL.*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2024, at Los Angeles, California.

*Maria T. Castro*
Maria T. Castro

---

1

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE ISO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 45]**