Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Lynn Carpenter (State Bar No. 310011)
  *lynn.carpenter@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO; CORY MCCARTHY, ANDREW POLLICK; DAVID MOORE, and CRISTINA OLIVAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| A.J.P. and A.M.P., minors by and through their guardian ad litem Cynthia Nunez, individually and as successor in interest to Albert Perez, deceased; and PATRICIA RUIZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, Inclusive,<br><br>Defendant. | Case No. 5:22-CV-01291 SSS (SHKx)<br><br>*[Honorable Sunshine Suzanne Sykes, Magistrate Judge, Shashi H. Kewalramani]*<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 47]**<br><br>*Filed concurrently with Reply in Support of Defendants' Motion For Summary Judgment; Defendants' Response to Plaintiffs' Statement of Genuine Disputes of Material Fact and Additional Material Facts; and Evidentiary Objections to Plaintiffs' Evidence*<br><br>Date: April 19, 2024<br>Time: 2:00 p.m.<br>Crtrm.: Courtroom 2, 2nd Floor<br><br>*Action Filed:  07/22/2022* |

1

**DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 47]**

**TO THIS HONORABLE COURT AND THE PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

In accordance with C.D L.R. 7-6, defendants COUNTY OF SAN BERNARDINO ("County"); CORY MCCARTHY ("Corporal McCarthy"), ANDREW POLLICK ("Corporal Pollick"); DAVID MOORE ("Deputy Moore"), and CRISTINA OLIVAS ("Corporal Olivas") ("Defendnat Deputies" and collectively "Defendants") reply herein to Plaintiffs' Evidentiary Objections [Doc. 47] to the evidence submitted in support of Defendants' Motion for Summary Judgment [Doc. 43]. Plaintiffs' objections should be overruled, for the reasons set forth below.

| EVIDENCE OBJECTED TO BY PLAINTIFFS | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE |
|---|---|---|
| 1. On Sunday, August 29, 2021, at approximately 1726 hours, San Bernardino County Sheriffs' Dispatch received a 911 call for service at 16576 Zenda Street #1, Victorville. Supporting Evidence: Call Log History (Ex. "A") at pg. 1 | As to "**Ex. A**": Multiple levels of Hearsay, under F.R.E. 801, 802 with no applicable exception under F.R.E. 803. Misleading and prejudicial under F.R.E. 403. | Plaintiffs do not actually dispute the content of the Call Log History (Ex. "A"). Further, the Call Log History (Ex. "A"), is admissible evidence under FRE Rule 803(8) Public Records exception to hearsay, as the report was created by the San Bernardino County Sheriff's Department ("SBSD") in its normal course of business. Importantly, the Call Log History (Ex. "A") is relevant, as it has any tendency to make a fact |

| | | |
|---|---|---|
| | | more or less probable than it would be without the evidence and is not misleading and prejudicial under F.R.E. 403, as it sets out the events of the subject incident as recorded by SBSD in its normal course of business. |
| 2. The reporting party, Helen Fregoso, reported her daughter's friend, Albert Perez ("Perez"), was in the garage, causing a disturbance, and that he had a gun in his front right pocket. (Call Log History (Ex. "A") at pg. 1; Fregoso Depo. (Ex. "B") at 32:5-17, 22-25, 33:1-3.) | As to "**Ex. A**": Multiple levels of Hearsay, under F.R.E. 801, 802 with no applicable exception under F.R.E. 803. Misleading and prejudicial under F.R.E. 403. Vague and Ambiguous as to "disturbance," Irrelevant under F.R.E. 401, 402 | Plaintiffs do not actually dispute the content of the Call Log History (Ex. "A"). Further, the Call Log History (Ex. "A"), is admissible evidence under FRE Rule 803(8) Public Records exception to hearsay, as the report was created by the SBSD in its normal course of business. Importantly, the Call Log History (Ex. "A") is relevant, as it has any tendency to make a fact more or less probable than it would be without the evidence and is not misleading and prejudicial under F.R.E. 403, as it sets |

| | | |
|---|---|---|
| | | out the events of the subject incident as recorded by SBSD in its normal course of business. |
| 3. Helen Fregoso's daughter, Renee Caudillo, advised Sheriffs Dispatch that Perez told her that she was causing him problems and thought people were after him, and that he pulled out a black gun from his pocket. (Call Log History (Ex. "A") at pg. 1. | As to "**Ex. A**": Multiple levels of Hearsay, under F.R.E. 801, 802 with no applicable exception under F.R.E. 803. Misleading and prejudicial under F.R.E. 403 | Plaintiffs do not actually dispute the content of the Call Log History (Ex. "A"). <br><br> Further, the Call Log History (Ex. "A"), is admissible evidence under FRE Rule 803(8) Public Records exception to hearsay, as the report was created by the SBSD in its normal course of business. <br><br> Importantly, the Call Log History (Ex. "A") is relevant, as it has any tendency to make a fact more or less probable than it would be without the evidence and is not misleading and prejudicial under F.R.E. 403, as it sets out the events of the subject incident as recorded by SBSD in its normal course of business. |

| | | |
|---|---|---|
| 4. Deputy Steven Carter was the first to arrive at the incident location, and located Perez in the garage and observed a black gun in Perez' hand. (Call Log History (Ex. "A") at pg. 2. | As to "**Ex. A**": Multiple levels of Hearsay, under F.R.E. 801, 802 with no applicable exception under F.R.E. 803. Misleading and prejudicial under F.R.E. 403. | Plaintiffs do not actually dispute the content of the Call Log History (Ex. "A"). Further, the Call Log History (Ex. "A"), is admissible evidence under FRE Rule 803(8) Public Records exception to hearsay, as the report was created by the SBSD in its normal course of business. Importantly, the Call Log History (Ex. "A") is relevant, as it has any tendency to make a fact more or less probable than it would be without the evidence and is not misleading and prejudicial under F.R.E. 403, as it sets out the events of the subject incident as recorded by SBSD in its normal course of business. |
| 5. Deputy Steven Carter ordered Perez to drop the gun, but Perez did not comply. (Call Log History (Ex. "A") at pg. | As to "**Ex. A**": Multiple levels of Hearsay, under F.R.E. 801, 802 with no applicable exception under F.R.E. 803. Misleading | Plaintiffs do not actually dispute the content of the Call Log History (Ex. "A"). |

| | | |
|---|---|---|
| 2.) | and prejudicial under F.R.E. 403. Irrelevant under F.R.E. 401, 402. Vague and ambiguous and assumes facts not in evidence as to "ordered" and "not comply." Calls for speculation and lacks foundation. | Further, the Call Log History (Ex. "A"), is admissible evidence under FRE Rule 803(8) Public Records exception to hearsay, as the report was created by the SBSD in its normal course of business.<br><br>Importantly, the Call Log History (Ex. "A") is relevant, as it has any tendency to make a fact more or less probable than it would be without the evidence and is not misleading and prejudicial under F.R.E. 403, as it sets out the events of the subject incident as recorded by SBSD in its normal course of business.<br><br>"[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself" and are |

| | | |
|---|---|---|
| | | thus redundant. *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); At the summary judgment stage, the court does not focus on the admissibility of the evidence's form, but on the admissibility of its contents. *See Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003). |
| 6. Perez remained in the garage with the gun in his hand and refusing commands from deputies to drop the gun. (Call Log History (Ex. "A") at pgs. 2, 3, 4.)Anderson fired the gunshots at Cuevas. | As to "Ex. A": Multiple levels of Hearsay, under F.R.E. 801, 802 with no applicable exception under F.R.E. 803. Misleading and prejudicial under F.R.E. 403. Irrelevant under F.R.E. 401, 402. Vague and ambiguous and assumes facts not in evidence as to "refusing commands" Calls for speculation and lacks foundation. | Plaintiffs do not actually dispute the content of the Call Log History (Ex. "A"). Further, the Call Log History (Ex. "A"), is admissible evidence under FRE Rule 803(8) Public Records exception to hearsay, as the report was created by the SBSD in its normal course of business. Importantly, the Call Log History (Ex. "A") is relevant, as it has any tendency to make a fact more or less probable than it would be without the evidence |

7

**DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 47]**

| | | |
|---|---|---|
| | | and is not misleading and prejudicial under F.R.E. 403, as it sets out the events of the subject incident as recorded by SBSD in its normal course of business.<br><br>"[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself" and are thus redundant. *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); At the summary judgment stage, the court does not focus on the admissibility of the evidence's form, but on the admissibility of its contents. *See Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003). |

DATED:  March 22, 2024     **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: ___/s/ Kayleigh A. Andersen, Esq.___
Eugene P. Ramirez, Esq.
Lynn Carpenter, Esq.
Kayleigh A. Andersen, Esq.
Attorneys for Defendants, COUNTY OF SAN BERNARDINO; CORY MCCARTHY, ANDREW POLLICK; DAVID MOORE, and CRISTINA OLIVAS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On March 22, 2024, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 47]** on the interested parties in this action as follows:

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq.
Shannon Leap, Esq.
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
Email: dalekgalipo@yahoo.com;
sleap@galipolaw.com;
slaurel@galipolaw.com

*ATTORNEYS FOR PLAINTIFFS, A.J.P., AND A.M.P.. ET AL.*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2024, at Los Angeles, California.

*Maria T. Castro*
Maria T. Castro

---

1

**DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 47]**