LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Shannon J. Leap Esq. (SBN 339574)
Email: sleap@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.J.P. and A.M.P., minors, by and through their guardian *ad litem* Cynthia Nunez, individually and as successor in interest to Albert Perez, deceased; and PATRICIA RUIZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CORY MCCARTHY; ANDREW POLLICK; DAVID MOORE; and CHRISTINA OLIVAS,<br><br>Defendants. | Case No. 5:22-cv-01291-SSS-SHK<br>*Hon. Sunshine S. Sykes*<br><br>**DECLARATION OF SHANNON J. LEAP IN SUPPORT OF PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS A.J.P. AND A.M.P.** |

## DECLARATION OF SHANNON J. LEAP

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs A.J.P. and A.M.P.'s *ex parte* application for approval of the compromise of the claims of minor Plaintiffs A.J.P. and A.M.P.'s by and through their guardian *ad litem*, Cynthia Nunez, individually and as successors in interest to Albert Perez, deceased.

2. Defendants are represented by Eugene P. Ramirez, Lynn Carpenter, and Kayleigh Anderson of Manning & Kass, Ellrod, Ramirez, Trester, 801 S Figueroa St 15th Floor, Los Angeles, CA 90017.

3. I emailed a copy of the instant Application to Defendants' counsel on July 3, 2024. I also corresponded with Ms. Anderson regarding the instant Application beginning on May 28, 2024 and through July 3, 2024. Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the substance of this Application. On July 3, 2024, I called Ms. Andersen and left her a voicemail regarding the instant application and to inform her of this Court's requirement that she notify the Courtroom Deputy by phone at (951) 328-4462 that Defendants do not intend to oppose the instant application or motion. Ms. Andersen confirmed by email that she received my voicemail message and that Defendants do not oppose this Application and will call the Courtroom Deputy to notify the Court of Defendants' intention not to oppose this Application upon Plaintiffs' filing of this Application.

4. This Application seeks approval of the compromise of Plaintiffs A.J.P. and A.M.P.'s claims on an *ex parte* basis because Plaintiffs A.J.P. and A.M.P.'s guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity the

interest rate for which is likely to expire if this petition is heard as a regularly-noticed motion. For that reason, filing this Application as a regularly-noticed motion may cause a decrease in payment benefits to the minor plaintiffs.

5. The Parties' agreement obligates Defendant County of San Bernardino to pay Plaintiffs and their attorneys of record the total sum of $4,750,000, divided as follows:

    a. A.J.P. and her attorneys    $1,750,000.00
    b. A.M.P. and her attorneys    $1,750,000.00
    c. Patricia Ruiz and her attorneys    $1,250,000.00

6. The nature of Plaintiffs A.J.P. and A.M.P.'s claims in this lawsuit is set forth in the operative complaint filed in this action. The parties conditionally settled the case in its entirety on March 27, 2024 for $4,750,000. The settlement was approved by the relevant Boards of Approval on May 21, 2024. Pursuant to the settlement agreement, the Minor Plaintiffs' claims will be compromised without a trial on the merits.

7. The Minor Plaintiffs' damages in this case arise from (1) the injuries suffered by the decedent, Albert Perez, for which the Minor Plaintiffs can recover survival damages as successors in interest; and (2) the Minor Plaintiffs' individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).

8. The total amount of the settlement that Defendants agree to pay is $4750,0000. As set forth above, of the $4,750,000 gross settlement amount, $1,750,000 is proposed to be distributed to A.J.P. and her attorneys, $1,750,000 is proposed to be distributed to A.M.P. and her attorneys and $1,250,000 is proposed to be distributed to Patricia Ruiz and her attorneys. Plaintiffs' attorneys – the Law Offices of Dale K. Galipo – are requesting attorneys' fees of 40 percent of the $4,750,000 in gross settlement proceeds, on a pro rata basis from each Plaintiffs' individual allocation, or $1,900,000. The contingency retainer agreements between

Plaintiffs and their attorneys provide for a 40 percent contingency fee. The attorneys' fees will be split between the Plaintiffs on a pro rata basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting $700,000 in attorneys' fees from the gross settlement proceeds allocated to A.J.P., $700,000 in attorneys fees from the gross settlement proceeds allocated to A.M.P, and $500,000 in attorneys' fees from the gross settlement proceeds allocated to Patricia Ruiz.

9. Plaintiffs' attorneys are also requesting reimbursement of advanced litigation costs in the amount of $50,416.03, which will be borne by the plaintiffs on a pro rata basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting $18,653.93 in costs from A.J.P.'s portion of the funds, $18,653.93 in costs from A.M.P.'s portion of the funds, and $13,108.17 in costs from Patricia Ruiz's portion of the funds.  Therefore, in total, Plaintiffs' attorneys request $50,416.03 in costs from the gross settlement proceeds.

10. As stated above, the gross amount of the settlement is $4,750,000. The share of these proceeds apportioned for minor plaintiff A.J.P. and her attorneys is $1,750,000. After deducting requested attorneys' fees of $700,000 and the pro rata share of costs of $18,653.93, the total net settlement proceeds to A.J.P. is $1,031,346.07. Likewise, the share of these proceeds apportioned for minor plaintiff A.M.P. and her attorneys is $700,000. After deducting requested attorneys' fees of $700,000 and the pro rata share of costs of $18,653.93, the total net settlement proceeds to A.M.P. is $1,031,346.07. The share of these proceeds apportioned for Plaintiff Patricia Ruiz is $1,250,000. After deducting the requested attorneys' fees of $500,000 and the pro-rata share of costs of $13,108.16, the total net settlement proceeds to Patricia Ruiz is $735, 891.84.

11. Under the existing retainer agreements, Plaintiffs' attorneys are due a 40 percent attorney recovery fee, plus reimbursement of advanced litigation costs. The contingency attorney fee award in this case is clearly justified, including by: the $4,750,000 settlement; attorney Dale K. Galipo's skill and experience in the civil

rights field; the difficulties and complexities of this case; the risk assumed by Plaintiffs' counsel; and the time and expense of litigating this matter and opposing Defendants' motion for summary judgment. Plaintiffs litigated this case for two years, from case initiation and filing, through fact and expert discovery, opposing Defendants' motion for summary judgment, and completely preparing the case to go to trial in July 2024, until the parties reached a settlement. Plaintiffs' attorneys, including attorney Shannon J. Leap, devoted significant time to this case in order to achieve the settlement, including but not limited to: (1) reviewing and analyzing hours of audio belt recording footage, numerous interview transcripts, and voluminous reports; (2) conducting expert discovery, including depositions; (3) conducting and defending many fact witness depositions; (4) opposing Defendants' motion for summary judgment. Plaintiffs' original attorney on this case, Mr. Jorge Gonzalez, unexpectedly passed away in March of 2022. Mr. Gonzalez was also an experienced and notable civil rights attorney, as well as Mr. Galipo's friend and colleague. Mr. Gonzalez's office, by way of his widow, referred the case to the Law Offices of Dale K. Galipo, entrusting Mr. Galipo and his firm to work the case up and achieve a successful result for Plaintiffs. No offer for settlement was communicated to Plaintiffs prior to Mr. Galipo's retention in the case.

The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year"

award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC"). Leap Decl. at ¶ 11.

Some of Mr. Galipo's recent notable verdicts include the following: $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case Murillo v. City of Los Angeles, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,002,000 verdict in the case French v. City of Los Angeles, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case Valenzuela v. City of Anaheim, tried in November 2019 before the Honorable Cormac J. Carney.  Leap Decl. at ¶ 11.

Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000 an hour and up to $1,400 an hour by multiple federal courts.  In *Najera v. County of Riverside*, tried in federal court in April of 2023 in front of the Honorable Dolly M. Gee, Judge Gee awarded Mr. Galipo an hourly rate of $1,250. In *Zelaya v. City of Los Angeles*, tried in federal court in October of 2023 in front of the Honorable Otis D. Wright III, Judge Wright awarded Mr. Galipo an hourly rate of $1,300. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges supports Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case.

12. If Plaintiffs' attorneys were not awarded a significant compensatory fee in difficult civil rights cases of public importance, then attorneys would not be able to take such cases.  In turn, plaintiffs such as A.M.P. and A.J.P. would not be able to

attract competent counsel who could achieve similar results and achieve justice for victims of police brutality. Accordingly, Plaintiffs and their attorneys submit that they are deserving of the requested 40 percent contingency attorney recovery fee in this case with respect to A.M.P. and A.J.P.'s portions of the settlement.

13. It is requested that $1,031,346.07 (the net settlement amount to A.M.P.) be used to fund a structured settlement annuity for A.M.P. it is further requested that $1,031,346.07 (the net amount to A.J.P.) be used to fund a structured settlement annuity for Plaintiff A.M.P. Attached hereto as "Exhibit A" is the proposed structured settlement annuities for A.J.P. and A.M.P., which are incorporated herein by reference. The Minor Plaintiffs' guardian *ad litem*, Cynthia Nunez has reviewed the proposed annuities for A.J.P. and A.M.P., which were prepared on June 17, 2024 following the approval of the settlement by the relevant County Boards of approval. Ms. Nunez agrees to the proposals in "Exhibit A" and believes the proposals are in the best interest of A.J.P. and A.M.P.

14. This application or petition does not seek an order for payment of money to a special needs trust.

15. I (attorney Shannon J. Leap, California State Bar Number 339574) prepared the petition filed concurrently herewith. I am an attorney with the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents the Minor Plaintiffs in this action.

16. Plaintiffs A.J.P. and A.M.P.'s attorneys did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted.

17. Plaintiffs A.J.P. and A.M.P.'s attorneys are not employed by any other party or any insurance carrier involved in the matter.

18. Plaintiffs A.J.P. and A.M.P.'s attorneys have not to date received any compensation for their services in connection herewith from any person.

19. Plaintiffs A.J.P., A.M.P., and Patricia Ruiz are the only Plaintiffs in the above-referenced action. Plaintiffs' attorneys, including the Law Offices of Dale K. Galipo and the referring attorney, expect to receive $1,900,000 in contingency attorneys' fees as set forth above.

20. The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement of a lawsuit.

21. Attached hereto as "Exhibit B" is a group of documents from Metropolitan Tower Life Insurance Company, including the ratings and sample guarantee.

22. Shannon J. Leap conferred with Defendant's counsel Kayleigh Andersen, who stated that Defendant County has no objections or opposition to the Petition.

23. Plaintiffs seek approval of the minor plaintiffs' compromises on an *ex parte* basis because their guardian *ad litem*, after consulting with an annuity broker, has chosen an annuity the interest rates which will expire in August 2024.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 5th day of July 2024, at Woodland Hills, California.

                                      */s/ Shannon J. Leap*
                                       Shannon J. Leap