LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Shannon J. Leap (SBN 339574)
sleap@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA  91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J.P. and A.M.P., minors, by and through their guardian *ad litem* Cynthia Nunez, individually and as successor in interest to Albert Perez, deceased; and PATRICIA RUIZ, individually,<br><br>   Plaintiffs,<br><br>   vs.<br><br>COUNTY OF SAN BERNARDINO; CORY MCCARTHY; ANDREW POLLICK; DAVID MOORE; and CHRISTINA OLIVAS,<br><br>   Defendants. | Case No. 5:22-cv-01291-SSS-SHK<br>Hon. Sunshine S. Sykes<br><br>**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS A.J.P., A.M.P.; VERIFICATION BY CYNTHIA NUNEZ**<br><br>[Declaration of Shannon J. Leap and Exhibits thereto, Proposed Order and exhibits thereto *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs A.M.P. and A.J.P., by and through their guardian *ad litem*, Cynthia Nunez, individually and as a successor in interest to Albert Perez, deceased, hereby moves this Court by way of this unopposed *Ex Parte* Application for Approval of Compromise of the Claims of Minor Plaintiffs A.M.P. and A.J.P. ("Application") for an order approving the settlement of their claims and distribution of her settlement funds. Plaintiffs A.J.P. and A.M.P. ("Minor Plaintiffs") and their guardian *ad litem*, Petitioner Cynthia Nunez, make this Application pursuant to Central District Local Rule 7-19. The grounds for this Application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Shannon J. Leap ("Leap Decl."), which is submitted concurrently herewith.

Prior to filing this *ex parte* application, Plaintiffs A.M.P. and A.J.P.'s counsel Shannon J. Leap contacted Defendants' counsel to confirm that Defendants will not be opposing the instant Application. Defendants are represented by Eugene P. Ramirez, Lynn Carpenter, and Kayleigh Andersen of Manning & Kass, Ellrod, Ramirez, Trester, 801 S Figueroa St 15th Floor, Los Angeles, CA 90017. Leap Decl. at ¶ 2. Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the substance of this Application. Leap Decl. at ¶ 3.

This Application seeks approval of the compromise of the Minor Plaintiffs' claims on an *ex parte* basis because A.M.P. and A.J.P.'s guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, reviewing proposed annuity plans, and (through counsel) meeting and conferring with respect to this motion has chosen an annuity the interest rate for which is likely to expire if this petition is heard as a regularly noticed motion. The annuity interest rates expire on September 10, 2024. Additionally, it can take up to 21 days for the County to

purchase the annuities following the Court issuing an order. For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the minor plaintiffs because the secured interest rates may expire in the time it takes for an order to be issued, and for the County to subsequently purchase the annuities. Leap Decl. at ¶ 4.

Additionally, Plaintiffs have not caused this crisis themselves, as Plaintiffs filed this instant application and motion as soon as practicable following the securing of the rates. Lead trial counsel, Dale K. Galipo, was in trial out of state for two weeks and was unable to review the final draft of the instant petition until his return to the office. Moreover, Plaintiffs have no control over the time period or duration for which the rates are secured. Accordingly, Petitioner Cynthia Nunez as guardian *ad litem* for minor plaintiffs A.M.P. and A.J.P. respectfully request that this Court consider this Application on an *ex parte* basis. Leap Decl. at ¶ 4.

The Law Offices of Dale K. Galipo regularly files Applications for Approval of a Minor's Compromise on an unopposed e*x parte* basis, given the constraints of the annuity interest rate expiration time period explained above. The following is a non-exhaustive list of cases in which courts in the Central District have approved such applications that this office has filed on an *ex parte* basis:

1. *Sarah Cruz Reaza, et al. v. County of Riverside, et al.* (Case No.: 5:20-cv-01188-MEMF-SP) – Order granting Plaintiffs' Petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued December 18, 2023.
2. *R.S., et al. v. County of Stanislaus, et al.* (Case No.: 1:20-cv-01170-ADA-SKO) – Order granting Plaintiffs' Petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued December 12, 2022.
3. *V.R., et al. v. County of San Bernardino, et al.* (Case No.: 5:19-cv-01023-JGB-SP) – Order granting Plaintiffs' Petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued November 22, 2022.

4. *B.P., et al. v. County of San Bernardino, et al.* (Case No: 5:19-cv-01243-JGB-SP) – Order granting Plaintiffs' petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued March 2, 2022.

5. *D.R., et al. v. City of Anaheim, et al.* (Case No.: 8:20-cv-00659-DOC-JDEx) – Order granting Plaintiffs' Petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued July 9, 2021.

6. *L.D., et al. v. City of Los Angeles, et al.* (Case No.: 2:16-cv-04626-PSG-SK) – Order granting Plaintiff's Petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued November 25, 2020.

7. *H.L., et al. v. County of San Bernardino, et al.* (Case No.: 5:18-cv-00279-PSG-KK) – Order granting Plaintiff's Petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued April 12, 2018.

8. *Hernandez, et al. v. County of Los Angeles, et al.* (Case No.: 2:16-cv-09412-JFW-SS) – Order granting Plaintiff's Petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued July 26, 2018.

9. *A.F., et al. v. County of Riverside, et al.* (Case No.: 5:15-cv-01603-JGB-DTB) – Order granting Plaintiff's Petition for a Minor's Compromise filed as an unopposed ex parte application, issued October 23, 2017.

10. *L.R., et al. v. County of Riverside, et al.* (Case No.: 5:15-cv-01767-JGB (KKx)) – Order granting Plaintiff's Petition for a Minor's Compromise filed as an unopposed *ex parte* application, issued September 29, 2017. Leap Decl. at ¶ 4.

DATED: July 10, 2024            LAW OFFICES OF DALE K. GALIPO

                        __*/s/ Shannon J. Leap*_____
                        Dale K. Galipo
                        Shannon J. Leap
                        *Attorneys for Plaintiffs A.M.P. and A.J.P.*

# UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS A.M.P. and A.J.P.

## I. INTRODUCTION

Plaintiffs A.M.P. and A.J.P., by and through their guardian *ad litem*, Cynthia Nunez, individually and as successors in interest to Albert Perez, deceased, hereby submit this *ex parte* application and proposed order for approval of the compromise of the claims of minor Plaintiffs A.M.P. and A.J.P. ("Application"), and request that this Honorable Court approve of the proposed distribution of the Minor Plaintiffs' funds.

The instant claims of the Minor Plaintiffs arose out of the shooting of Albert Perez ("the decedent") on August 29, 2021, by deputies working for the San Bernardino County Sheriff's Department. Plaintiffs A.M.P. and A.J.P. are the decedent's biological children and his lawful successors in interest. In addition to the Minor Plaintiffs, the decedent's mother, Patricia Ruiz, is a plaintiff in this action. The parties reached a conditional settlement of $4,750,000, subject to the County of San Bernardino Board of Supervisor's approval. The settlement was formally approved by the proper authorities on or around May 21, 2024. The settlement agreement obligates Defendants to pay to Plaintiffs and their attorneys $4,750,000. Leap Decl. at ¶ 5.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the

5

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFFS A.J.P. AND A.M.P.

best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952."

Pursuant to the above California rules, the Minor Plaintiffs and their attorneys make the following disclosures:

1. The Petitioner is Cynthia Nunez, guardian *ad litem* for minor plaintiffs A.M.P. and A.J.P. Plaintiffs A.M.P. and A.J.P. are represented by the Law Offices of Dale K. Galipo.

2. Plaintiff A.J.P. is female. She was born in 2013. Plaintiff A.J.P. is the biological daughter of the decedent in this case, Albert Perez.

3. Plaintiff A.M.P. is a female. She was born in 2009. Plaintiff A.M.P. is the biological daughter of the decedent in this case, Albert Perez.

4. The nature of the Minor Plaintiffs' claims in this lawsuit is set forth in the operative complaint filed in this action. The parties conditionally settled the case in its entirety on March 27, 2024 for $4,750,000. Leap Decl. at ¶ 6. The settlement was approved by the relevant Boards of Approval on May 21, 2024. Leap Decl. at ¶ 6.

5. The Minor Plaintiffs' damages in this case arise from (1) the injuries suffered by the decedent, for which the Minor Plaintiffs can recover survival damages as successors in interest; and (2) Minor Plaintiffs' individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Leap Decl. at ¶ 7.

6. Medical treatment and medical billing are not relevant. Plaintiffs A.M.P. and A.J.P.'s have not received medical treatment in connection with this case.

7. The total amount of the settlement that Defendants agree to pay is $4,750,000. Of the $4,750,000 gross settlement amount, $1,750,000 is proposed to be distributed to A.J.P. and her attorneys, $1,750,000 is proposed to be distributed to A.M.P. and her attorneys, and $1,250,000 is proposed to be distributed to Patricia Ruiz and her attorneys. Plaintiffs' attorneys are requesting attorneys' fees in the amount of 40 percent of the $4,750,000 gross settlement proceeds. The attorneys' fees will be disbursed to the Law Offices of Dale K. Galipo. Leap Decl. at ¶ 8.

The contingency retainer agreements between Plaintiffs and their attorneys provide for a 40 percent contingency fee. The attorneys' fees will be split between Plaintiffs on a pro rata basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting $700,000 in attorneys' fees from the gross settlement proceeds allocated to A.J.P.; $700,000 in attorneys' fees from the gross settlement proceeds allocated to A.M.P.; and $500,000 in attorneys' fees from the gross settlement proceeds allocated to Patricia Ruiz. Leap Decl. at ¶ 8.

8. Plaintiffs' attorneys are also requesting reimbursement of advanced

litigation costs in the amount of $50,416.03, which will be borne by the Plaintiffs on a pro rata basis with their gross settlement allocation. Therefore, plaintiffs' attorneys are requesting $18,653.93 in costs from A.J.P.'s portion of the funds, $18,653.93 from A.M.P.'s portion of the funds, and $13,108.17 from Ms. Ruiz.  In addition to these pro rata shares of the costs, Leap Decl. at ¶ 9-10.

9. Under the existing retainer agreements, Plaintiffs' attorneys are due a 40 percent attorney recovery fee, plus reimbursement of advanced litigation costs. The contingency attorney fee award in this case is clearly justified, including by: the $4,750,000 settlement; attorney Dale K. Galipo's skill and experience in the civil rights field; the difficulties and complexities of this case; the risk assumed by Plaintiffs' counsel; and the time and expense of litigating this matter and opposing Defendants' motion for summary judgment.  Plaintiffs litigated this case for two years, from case initiation and filing, through fact and expert discovery, opposing Defendants' motion for summary judgment, and completely preparing the case to go to trial in July 2024, until the parties reached a settlement. Plaintiffs' attorneys, including attorney Shannon J. Leap, devoted significant time to this case in order to achieve the settlement, including but not limited to: (1) reviewing and analyzing hours of audio belt recording footage, numerous interview transcripts, and voluminous reports; (2) conducting expert discovery, including depositions; (3) conducting and defending many fact witness depositions; (4) opposing Defendants' motion for summary judgment. Leap Decl. at ¶ 11. Plaintiffs' original attorney on this case, Mr. Jorge Gonzalez, unexpectedly passed away in March of 2022. Mr. Gonzalez was also an experienced civil rights attorney, as well as Mr. Galipo's friend and colleague. Mr. Gonzalez's office, by way of his widow, referred the case to the Law Offices of Dale K. Galipo, entrusting Mr. Galipo and his firm to work the case up and achieve a successful result for Plaintiffs. Defendants did not communicate a settlement offer prior to Mr. Galipo's retention in the case. Leap Decl. at ¶ 11.

  The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC"). Leap Decl. at ¶ 11.

  Some of Mr. Galipo's recent notable verdicts include the following: $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.  Leap Decl. at ¶ 11.

  Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000 an hour and up to $1,400 an hour by multiple federal courts.  In *Najera-Aguirre v. County of Riverside,* tried in federal court in April of 2023 in front of the Honorable Dolly M. Gee, Judge Gee awarded Mr. Galipo an hourly rate of $1,250. In *Zelaya v. City of Los Angeles,* tried in federal court in October of 2023 in front of the

Honorable Otis D. Wright III, Judge Wright awarded Mr. Galipo an hourly rate of $1,300. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges supports Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case. Leap Decl. at ¶ 11.

Additionally, this case involved a substantial amount of risk. If Plaintiffs' attorneys were not awarded a significant compensatory fee in difficult civil rights cases of public importance, then attorneys would not be able to take such cases. In turn, plaintiffs such as A.M.P. and A.J.P. would not be able to attract competent counsel who could achieve similar results and achieve justice for victims of police brutality. Accordingly, Plaintiffs and their attorneys submit that they are deserving of the requested 40 percent contingency attorney recovery fee in this case with respect to A.M.P. and A.J.P.'s portions of the settlement. Leap Decl. at ¶ 12.

10. As stated above, the gross amount of the settlement is $4,750,000. After deducting requested contingency attorneys' fees of $700,000 and costs in the amount of $18,653.93, the total net settlement proceeds to A.J.P. is $1,031,346.07. After deducting requested contingency attorneys' fees of $700,000 and costs in the amount of $18,653.93, the total net settlement proceeds to A.M.P. is $1,031,346.07. The share of the settlement proceeds apportioned for Plaintiff Ms. Ruiz and her attorneys is $1,250,000. After deducting requested attorneys' fees of $500,000 and costs in the amount of $13,108.17, the total net settlement to Patricia Ruiz is $735,891.83. Leap Decl. at ¶ 13.

11. It is requested that $1,031,346.07 be used to fund a structured settlement annuity for Plaintiff A.M.P. Attached as "Exhibit A" to the Declaration of Shannon J. Leap is the proposed structured settlement annuity and disbursement

10

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFFS A.J.P. AND A.M.P.

schedule for A.M.P. Under the proposal set forth in "Exhibit A," the total amount that Plaintiff A.M.P. shall receive directly after the final payment is made to her is $1,817,225.08. Leap Decl. at ¶ 13. A.M.P.'s guardian *ad litem*, Petitioner Cynthia Nunez, has reviewed the proposed annuity and disbursement schedule for A.M.P. set forth in "Exhibit A" and believes it is in the best interest of A.M.P. Leap Decl. at ¶ 13.

12. It is requested that $1,031,346.07 be used to fund a structured settlement annuity for Plaintiff A.J.P. Included in "Exhibit A" attached to the Declaration of Shannon J. Leap is the proposed structured settlement annuity and disbursement schedule for A.J.P. Under the proposal set forth in "Exhibit A," the total amount that Plaintiff A.J.P. shall receive directly after the final payment is made to her is $2,379,537.12. Leap Decl. at ¶ 13. A.J.P.'s guardian *ad litem*, Petitioner Cynthia Nunez, has reviewed the proposed annuity and disbursement schedule for A.J.P. set forth in "Exhibit A" and believes it is in the best interest of A.J.P. Leap Decl. at ¶ 13.

13. The interest rates secured for these annuities expire on September 10, 2024. Additionally, it can take up to 21 days for the County to purchase the annuities following the Court issuing an order. For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the minor plaintiffs because the secured interest rates may expire in the time it takes for an order to be issued, and for the County to subsequently purchase the annuities. Leap Decl. at ¶ 4.

14. The moving guardian *ad litem* Cynthia Nunez has no claims against Defendants in connection with the subject incident.

15. The moving guardian *ad litem* Cynthia Nunez does not have any claims against Plaintiffs A.J.P. or A.M.P. in connection with the subject incident.

16. California Welfare and Institutions Code Section 14124.73 does not apply.

17. This motion does not seek an order for payment of money to a special needs trust. Leap Decl. at ¶ 14.

Disclosures pursuant to California Rule of Court 7.951

1. This petition was prepared by attorney Shannon J. Leap (California State Bar Number 339574), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs A.J.P. and A.M.P. in this action. Leap Decl. at ¶ 15.

2. Plaintiffs A.J.P. and A.M.P.'s attorneys did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. Leap Decl. at ¶ 16.

3. Plaintiffs A.J.P. and A.M.P.'s attorneys are not employed by any other party, or any insurance carrier involved in the matter, except by Plaintiff Patricia Ruiz. Leap Decl. at ¶ 17.

4. Plaintiffs A.J.P. and A.M.P.'s attorneys have not to date received any compensation for their services in connection herewith from any person. Leap Decl. at ¶ 18.

5. Plaintiffs A.J.P. and A.M., and Patricia Ruiz are the only Plaintiffs in the above-referenced action. Plaintiffs' attorneys, including the Law Offices of Dale K. Galipo, expect to receive $1,900,000 in contingency attorneys' fees as set forth above. Leap Decl. at ¶ 19.

6. Plaintiffs' attorneys accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreements with all plaintiffs provide for a 40 percent contingency attorney fee on any recovery Plaintiffs make on their case by way of verdict or settlement. Leap Decl. at ¶ 20.

Petitioner's Endorsement

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to Plaintiffs A.M.P. and A.J.P.'s claims, the parties responsible for the incident, and the nature, extent and

seriousness of the Plaintiffs A.M.P. and A.J.P.'s claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, Plaintiffs A.M.P. and A.J.P.'s will be forever barred from seeking any further recovery of compensation even though Plaintiffs A.M.P. and A.J.P.'s injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner Ms. Nunez is informed and believes that Plaintiffs A.M.P. and A.J.P. has made sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accordance with the terms of the settlement agreement. Petitioner recommends the compromise and the proposed distribution to Plaintiffs A.M.P. and A.J.P. to the Court as being fair, reasonable, and in the best interest of Plaintiffs A.M.P. and A.J.P. and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Accordingly, Petitioner Cynthia Nunez, guardian *ad litem* for minor Plaintiffs A.M.P. and A.J.P., requests that this Honorable Court enter the proposed annuity attached to the Leap Decl. as "Exhibit A" for Plaintiffs A.M.P. and A.J.P.

### III.  CONCLUSION

For the reasons above, Petitioner Cynthia Nunez and Plaintiffs A.M.P. and A.J.P., through their guardian *ad litem*, respectfully submit that this Court should enter the proposed order and "Exhibit A" and "Exhibit B" submitted concurrently herewith.

Respectfully submitted,

DATED: July 10, 2024        LAW OFFICES OF DALE K. GALIPO

                            _____/s/ Shannon J. Leap_____
                            Dale K. Galipo

13

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFFS A.J.P. AND A.M.P.

Shannon J. Leap
*Attorneys for Plaintiffs*