UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-01291-SSS-SHKx | Date | July 16, 2024 |
| Title | A.J.P., et al. v. County of San Bernardino, et al. | | |

Present: The Honorable     SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER DENYING SECOND UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS A.J.P., A.M.P. [DKT. 55]**

     Minor plaintiffs A.J.P. and A.M.P., through their guardian *ad litem*, once again apply *ex parte* for approval of the compromise of their claims. [Dkt. 55, Unopposed *Ex Parte* Appl.]. Defendants do not oppose. [*Id.* at 2]. Having reviewed Plaintiffs' arguments, relevant legal authority, and record in this case, the *ex parte* application is **DENIED WITHOUT PREJUDICE**.

     Plaintiffs' original *ex parte* application was denied because they failed to explain why *ex parte* relief is justified. [Dkt. 54]. In the notice page of their renewed application, Plaintiffs now argue *ex parte* relief is justified because the deadline to secure their desired interest rate for the structured settlement annuity expires on September 10, 2024. [Unopposed *Ex Parte* Appl. at 2]. In support, Plaintiffs offer a declaration from one of their attorneys, Shannon J. Leap. [Dkt. 55-2, Decl. of Shannon J. Leap ("Leap Decl.")]. Leap states that Plaintiffs filed this application "as soon as practicable" after they consulted an annuity broker, vetted insurance companies, reviewed proposed annuity plans, and chose the desired interest rate. [*Id.* ¶ 4]. She also states this petition could not have been filed until lead trial counsel, Dale K. Galipo, could review and finalize it. [*Id.*].

He, however, could not because he was in trial out of state for two weeks. [*Id.*]. She also states that "it can take up to 21 days for the County to purchase the annuities following the Court issuing an order." [*Id.*]. For these reasons, Plaintiffs argue *ex parte* relief is justified.

"Ex parte applications are solely for extraordinary relief and are *rarely justified*." *Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 943 (C.D. Cal. Aug. 2, 2022) (emphasis added) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)). To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492.

Here, Plaintiffs again fail to show *ex parte* relief is justified. This case formally settled on May 21, 2024. Plaintiffs, however, are needlessly vague about *when* they began consulting the annuity broker, vetting insurance companies, reviewing proposed annuity plans, and when they chose the desired interest rates. If Plaintiffs acted diligently and started this entire process immediately after May 21, then they likely did not create this crisis. However, if Plaintiffs began this process the week before the first ex parte application was filed, then they would have been at fault in creating this crisis. But without more details, the Court cannot decide whether *ex parte* relief is justified.

Additionally, even if Plaintiffs began this process immediately after May 21, *ex parte* relief is still not justified because this matter could have been filed as a regularly noticed motion. Plaintiffs filed their original *ex parte* application on July 5, 2024. A motion must be noticed for a hearing at least 28 days from the date it is filed. According to Plaintiffs, it can take the County up to 21 days to purchase the annuities from the date the order approving this application is issued. Assuming all this information is true, the earliest date this matter could have been set for a hearing was August 2, 2024. Twenty one days from that date would have been August 23, 2024. Seeing as that application was unopposed, the application would have likely been approved on August 23. This would have left the County 18 days to purchase the annuities before the expiration date expired. The Court is thus unconvinced that this could not have originally been filed as a regularly noticed motion.

*Finally*, the Court does not find persuasive the ten cases Plaintiffs cite in support of their application. The Court has reviewed each of those cases, and none scrutinized—let alone addressed—whether *ex parte* relief was justified in those scenarios. *See generally Reaza v. Cnty. of Riverside*, No. 5:20-cv-01188-MEMF-SP (C.D. Cal. Dec. 18, 2023) (Dkt. 187); *R.S. v. Cnty. of Stanislaus*, No. 1:20-cv-01170-ADA-SKO (E.D. Cal. Dec. 8, 2022) (Dkt. 50); *V.R. v. Cnty. of San Bernardino*, No. 5:19-cv-01023-JGB-SP (C.D. Cal. Nov. 21, 2022) (Dkt. 188); *B.P. v. Cnty. of San Bernardino*, No. 5:19-cv-01243-JGB-SP (C.D. Cal. Mar. 2, 2022) (Dkt. 145); *D.R. v. City of Anaheim*, No. 8:20-cv-00659-DOC-JDE (C.D. Cal. July 9, 2021) (Dkt. 52); *Frias v. City of L.A.*, No. 2:16-cv-04626-PSG-SK (C.D. Cal. Nov. 25, 2020) (Dkt. 227); *Stofflet v. Cnty. of San Bernardino*, No. 5:18-cv-00279-PSG-KK (C.D. Cal. Apr. 12, 2018) (Dkt. 18); *Hernandez v. Cnty. of L.A.*, No. 2:16-cv-09412-JFW-SS (C.D. Cal. July 26 & 30, 2018) (Dkt. 57, 61); *A.F. v. Cnty. of Riverside*, No. 5:15-cv-01603-JGB-DTB (C.D. Cal. Oct. 23, 2017) (Dkt. 84); *L.R. v. Cnty. of Riverside*, No. 5:15-cv-01767-JGB-KK (C.D. Cal. Sept. 29, 2017) (Dkt. 79).

Accordingly, because Plaintiffs have again failed to show *ex parte* relief is justified, the *ex parte* application is **DENIED**.

Even looking past this issue, the Court cannot conclude the settlement of Plaintiffs' claims is reasonable. Federal district courts have a special duty to safeguard a minor litigant's interests. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed. R. Civ. P. 17(c)). When assessing the fairness and reasonableness of the settlement of a minor's federal claims, a federal district court must ascertain "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1182. This is an "independent, not a comparative, inquiry." *Id.*

Here, while Plaintiffs exhaustively explain why their attorneys' fees and costs are reasonable, they overlook the primary focus of this Court's inquiry: is the settlement amount for each minor plaintiff, irrespective of the amount designated to plaintiffs' counsel, fair and reasonable? Specifically, they fail to explain why the settlement amount for each minor plaintiffs "is fair and reasonable, in light of the facts of the case, the minor[s'] specific claim[s], and recovery in similar cases." *Robidoux*, 638 F.3d at 1182; *see also Estate of Cendejas v. Cnty. of L.A.*, No. CV

18-9560-GW-AFMx, 2020 WL 5900157, at *2 (C.D. Cal. July 22, 2020) (denying petition for approval of a minor's settlement where plaintiff did not explain why the proposed settlement is fair and reasonable); *Estate of Casillas v. City of Fresno*, No. 1:16-cv-01042-AWI-SAB, 2021 WL 3674517, at *8 (E.D. Cal. Aug. 19, 2021) (granting petition where plaintiffs provided sufficient case law that demonstrated the settlement was reasonable compared to settlements approved in other similar cases). Without this information, the Court cannot at this point decide the settlement for Plaintiffs is fair and reasonable.

Accordingly, the *ex parte* application is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**